```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
MAGDY LABIB,                                                     :
                                                                 :
                        Plaintiff,                               :
                                                                 :            21-cv-2658 (LJL)
            -v-                                                  :
                                                                 :          MEMORANDUM AND
CITIGROUP GLOBAL MARKETS HOLDINGS INC.,                          :               ORDER
                                                                 :
                        Defendant.                               :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

    The complaint in this case was filed on March 26, 2021. Dkt. No. 1. On April 30, 2021, the Court directed the Clerk of Court to issue a summons as to Defendant and directed Plaintiff to serve the summons and complaint on the Defendant within ninety days of the issuance of the summons. Dkt. No. 10. The Clerk of Court issued summons as to the Defendant on May 4, 2021. Dkt. No. 11. The Court scheduled an Initial Pretrial Conference for May 26, 2021, Dkt. No. 13, but Defendant filed a letter motion on May 13, 2021 requesting an adjournment of the Initial Pretrial Conference because Defendant had not yet been served with process, Dkt. No. 14. On May 14, 2021, the Court issued an order adjourning the Initial Pretrial Conference. Dkt. No. 16. On January 20, 2022, the Court ordered Plaintiff to file a letter by February 10, 2022 explaining why this case should not be dismissed for failure to prosecute or to timely serve the Defendant. Dkt. No. 19. As of today, the docket still does not contain a certificate of service, and Plaintiff has not responded to the order.

    Federal Rule of Civil Procedure 41 "permits the Court to dismiss an action *sua sponte* for failure to prosecute . . . or failure to comply with an order of the Court." *Edwards v. Horn*, 2012 WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL

1592196 (S.D.N.Y. May 4, 2012); *see also* Fed R. Civ. P. 41; *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]"). "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate: whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

Dismissal of this case for failure to prosecute is appropriate under these factors. Plaintiff appears not to have made service on Defendant within ninety days, as is required by Federal Rule of Civil Procedure 4(m). Plaintiff has not prosecuted the case at all for nearly a year. "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," *Caussade*, 293 F.R.D. at 629 (citation omitted), but "[d]elays of several months" have been found sufficient. *Id.* (collecting cases). Plaintiff was given notice in the Court's order at Dkt. No. 10 that if Plaintiff did not serve Defendant within ninety days of the issuance of the summons or request an extension of time to serve, the Court may dismiss the claims. Plaintiff was given another opportunity to prosecute the case after this Court's order on January 20, 2022, Dkt. No. 19, in which the Court ordered

Plaintiff to file a letter by February 10, 2022 explaining why the case should not be dismissed for failure to prosecute or to timely serve the Defendant. Plaintiff has not responded.

Although there is no specific evidence on the record that delay will prejudice Defendant—indeed, there is essentially no record beyond the complaint and the Court's orders—"[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews* Corp., 682 F.2d 37, 43 (2d Cir. 1982). Finally, the Court has "already given [Plaintiff] an opportunity to proceed with this action so that it would be decided on the merits," and Plaintiff's "failure to prosecute . . . demonstrate[s] that any lesser sanction would be 'an exercise in futility.'" *Edwards*, 2012 WL 1292672, at *2 (quoting *Koch v. Rodenstock*, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010)), *report and recommendation adopted*, 2010 WL 2010900 (S.D.N.Y. May 18, 2010).

Additionally, the case is dismissed for failure to timely serve the Defendant under Federal Rule of Civil Procedure 4(m). *See Zapata v. City of New York*, 502 F.3d 192 (2d Cir. 2007); Fed R. Civ. P. 4. The Court provided notice and an opportunity for Plaintiff to show good cause for the failure to effect timely service in its order on January 20, 2022, Dkt. No. 19. *See Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012). Plaintiff failed to timely serve the Defendant within ninety days of the issuance of summons and failed to respond to the Court's order.

For the foregoing reasons, the case is dismissed without prejudice for failure to prosecute and failure to timely serve the Defendant. The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Plaintiff and to close the case.

SO ORDERED.

Dated: April 4, 2022
      New York, New York

                                            LEWIS J. LIMAN
                                     United States District Judge